**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>ESCO, Ltd.,[1]<br><br>     Debtor. | Chapter 11<br><br>Case No. 23-12237 (DER) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1121(D) EXTENDING THE EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF**

By this motion (the "**Motion**") the debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**") seeks entry of an order (the "**Proposed Order**"), pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the periods during which the Debtor has the exclusive right to file a chapter 11 plan of liquidation (the "**Exclusivity Period**") and to solicit acceptances thereof (the "**Exclusive Solicitation Period**", together with the Exclusivity Period, the "**Exclusive Periods**") by sixty days, through and including September 29, 2023, and November 27, 2023, respectively. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1.   This United States Bankruptcy Court for the District of Maryland (this "**Court**") has jurisdiction over the Chapter 11 Case, the Debtor, property of the Debtor's estate, and this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] The Debtor in this Chapter 11 case and the last four digits of its federal tax identification are ESCO, Ltd., DBA Shoe City (5654). The Debtor's principal address is 1800 Woodlawn Drive, Gwynn Oak, Maryland 21207-4007.

2.      Venue of the Chapter 11 Case in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief requested herein is Bankruptcy Code § 1121(d).

## RELIEF REQUESTED[2]

4.      The Debtor respectfully requests, pursuant to Bankruptcy Code § 1121(d), a sixty-day extension of: (i) the Exclusivity Period through and including September 29, 2023, and (ii) the Exclusive Solicitation Period through and including November 27, 2023, without prejudice to any party in interest's rights to seek to reduce or increase such periods in accordance with section 1121(d) of the Bankruptcy Code. The Debtor's initial Exclusivity Period and Exclusive Solicitation Period are currently set to expire on July 31, 2023, and September 27, 2023, respectively.

## BACKGROUND

5.      On March 31, 2023 (the "**Petition Date**"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.      The Debtor is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been appointed in the Chapter 11 Case.

7.      On April 13, 2023, the Office of the United States Trustee for the District of Maryland appointed a committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [Docket No. 123].

---

[2] Undefined capitalized terms in this section shall have the meanings ascribed to them below.

8.      Additional factual background regarding the Debtor, including its business operations, capital structure and the events leading to the filing of the Chapter 11 Case, is set forth in detail in the *Declaration of Stanley W. Mastil, Chief Restructuring Officer, in Support of Debtor's Chapter 11 Petition and First Day Motions* [Docket No. 35] (the "**First Day Declaration**"),[3] which is fully incorporated into this Motion by reference.

9.      As has been detailed in several pleadings filed with this Court, the Debtor commenced this Chapter 11 Case with the primary purpose of conducting store closing and going out of business sales, which sales were set to conclude by May 31, 2023. During that process, the Debtor was able to pay its first priority secured lender, Truist Bank, in full. The Debtor also generated enough proceeds from the sales to fund all administrative expenses related to the sales.

10.      With the store closing and going out of business sales concluded, the Debtor is now in discussions with the Committee to determine the most cost-efficient means to wind down this chapter 11 case, whether that is through a combined plan of liquidation and disclosure statement or otherwise, so that the proceeds of the sale and other of the Debtor's cash assets can be distributed to creditors in accordance with the priority scheme of the Bankruptcy Code.

11.      In furtherance of the effort, the Debtor moved for and obtained entry of an *Order (I) Establishing Bar Dates for Filing Proofs of Claim, Including Section 503(b)(9) Claims and (II) Approving Form and Manner of Notice Thereof* [Docket No. 235] (the "**Bar Date Order**"), which set June 30, 2023, as the "general" bar date, and September 27, 2023, as the bar date for governmental units to file proofs of claim. The Debtor further worked with its noticing agent, Stretto, Inc. ("**Stretto**") to provide notice of these deadlines in accordance with the Bar Date Order

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Day Declaration.

and pertinent procedural rules and procedure. The Debtor has also filed a motion requesting authority to expand the scope of Stretto's engagement pursuant to section 327 of the Bankruptcy Code to assist with the plan solicitation and confirmation process. On June 8, 2023, the court entered the *Order Authorizing Retention and Appointment of Stretto, Inc. as Administrative Advisor Effective as of the Petition Date* [Docket No. 264] (the "**Administrative Advisor Order**").

12.     The Debtor has and continues to engage in negotiations with various constituencies with the goal of reaching agreement on the appropriate mechanism to wind down this chapter 11 bankruptcy case that will maximize recoveries for its creditors. However, as of the date of the filing of this Motion, those negotiations remain in progress and the Debtor anticipates needing additional time to work towards consensus. Accordingly, the Debtor requests that this Court enter an order extending: (i) the Exclusivity Period through and including September 29, 2023, and (ii) the Exclusive Solicitation Period through and including November 27, 2023, for cause, and without prejudice to any party in interest's rights to seek to reduce or increase such periods in accordance with section 1121(d) of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

13.     Section 1121(b) of the Bankruptcy Code provides that only a chapter 11 debtor in possession may propose a plan of reorganization during the first 120 days of its chapter 11 case. If a debtor files a plan within its Exclusivity Period, it has through the 180th day of its case to solicit acceptances of that plan by each impaired class. *See* 11 U.S.C. § 1121(a)-(c).

14.     In turn, section 1121(d)(1) of the Bankruptcy Code provides that: on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this

4

section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section. 11 U.S.C. § 1121(d)(1).

15.     Although the Bankruptcy Code does not define what constitutes "cause" for purposes of an extension under section 1121(d), the legislative history indicates the term should be viewed flexibly "in order to allow the debtor to reach an agreement" with its creditors. *See* H.R. Rep. No. 95-595, at 231-32 (1978) (noting that Congress intended to give bankruptcy courts great flexibility to protect a debtor's interests by allowing a debtor an unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest); *see also In re Borders Group, Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *First Am. Bank of N.Y. v. Southwest Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its discretion.").

16.     Courts will generally consider the following factors in determining whether "cause" exists to extend an exclusive period: (a) the size and complexity of the case; (b) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) the fact that the debtor is paying its bills as they become due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiations with its creditors; (g) the amount of time that has elapsed in the case; (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the Debtor's reorganization demands; and (i) whether an unresolved contingency exists. *See In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *see also In re Borders Grp., Inc.*, 460 B.R. at 822

(evaluating the nine factors set forth in Adelphia and holding that the debtor established cause to extend exclusivity). Notably, not all of the factors enumerated above will be "relevant in every case" and the court has discretion to "decide which factors are relevant and give the appropriate weight to each." *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (8th Cir. B.A.P. 2003); *see also In re Quality Inns Int'l, Inc. v. L.B.H. Assocs. Ltd. P'Ship*, 911 F.2d 724 (4th Cir. 1990) (affirming exclusivity extension based on only four of the nine Adelphia factors).

17.    Additionally, it is frequently deemed appropriate to grant, at minimum, a debtor's first request for an extension of its exclusive periods. *See, e.g., In re JAB Energy Sols. II, LLC*, No. 21-11226 (CTG) (Bankr. D. Del. Jan. 20, 2022) [Docket No. 139] (granting initial extension of 120 days); *In re Moon Grp., Inc.*, No. 21-11140 (CSS) (Bankr. D. Del. Dec. 6, 2021) [Docket No. 385] (granting initial extension of 119 days); *In re Wardman Hotel Owner, L.L.C.*, No. 21-10023 (JTD) (Bankr. D. Del. June 3, 2021) [Docket No. 240] (granting initial extension of 120 days).

18.    The Debtor submits that sufficient cause exists to extend the Exclusive Periods pursuant to section 1121(d), for the short time period requested based on the following:

    i.    <u>The necessity of sufficient time to permit the Debtor to negotiate a plan of liquidation or other means to cost-effectively wind down this chapter 11 bankruptcy case</u>. The Debtor has not made any prior requests for the extension of the Exclusive Periods, and is only seeking a very limited sixty (60) day extension through this Motion. As discussed above, the Debtor and its professionals have expended significant efforts to sufficiently conduct successful store closing and going out of business sales. Additionally, throughout this time, the Debtor has been conferring with the Committee regarding the terms of a potential plan of liquidation or other means to cost-effectively wind down this chapter 11 bankruptcy case, and responding to discovery demands. The Debtor requires a limited amount of additional time to further negotiate a potential chapter 11 plan. Notwithstanding the significant milestones reached in this Chapter 11 Case to date, the Chapter 11 Case has only been pending since March 31, 2023, and the brevity of this period also weighs in favor of extending the Exclusive Periods.

ii.    <u>The Debtor has made good faith progress toward exiting chapter 11</u>. As referenced above, the Debtor undertook the store closing and going out of business sales, was able to pay its first priority secured lender, Truist Bank, in full, and generated enough proceeds from the sales to fund all administrative expenses related to the sales - all within approximately 90 days since the Petition Date. With the sales closed and limited assets remaining, the Debtor intends to maintain its momentum to ensure a swift exit from this Chapter 11 Case.

iii.    <u>The Debtor is paying its bills as they become due</u>. Since the Petition Date, the Debtor has paid its vendors and creditors in the ordinary course of business or as otherwise authorized pursuant to orders of the court.

iv.    <u>The Debtor has reasonable prospects for filing a viable plan</u>. As set forth above, the Debtor's aim in commencing this Chapter 11 Case was to achieve an orderly liquidation of its assets for the best possible price. With the sales having concluded, the Debtor is working to formulate a chapter 11 liquidating plan or other means providing maximum value to creditors. Additionally, the Debtor has been working with counsel to the Committee to draft an agreeable form of plan.

v.    <u>This Chapter 11 Case has been pending for only four months</u>. This is the Debtor's first request to extend the Exclusive Periods, and only a sixty (60) day extension has been requested. As set forth above, in the brief time since the Petition Date, the Debtor has accomplished a great deal. The short time that the Debtor has spent in chapter 11 to date weighs in favor of extending the Exclusive Periods.

vi.    <u>The Debtor is not seeking to extend the Exclusive Periods as a means to pressure creditors to submit to the Debtor's reorganization demands</u>. The Debtor is not seeking to extend the Exclusive Periods to pressure or prejudice any of its creditors, but is requesting the extension to allow it sufficient time to formulate a plan with the highest possible likelihood of confirmation without objection. The Debtor will use the additional time to continue negotiations with its creditors and the Committee.

vii.    <u>Unresolved contingencies exist</u>. Although the Debtor has made substantial progress in the Chapter 11 Case thus far, significant, unresolved contingencies exist, including, but not limited to, an agreement with the Committee regarding a consensual path towards the filing and confirmation of a chapter 11 plan of liquidation, and determination of certain outstanding

claims against the Debtor. The bar date for governmental proofs of claim is September 27, 2023.

viii.    <u>The requested extensions are reasonable</u>. This is the Debtor's first request for extensions of the Exclusive Periods, and the Debtor has requested only an extension of sixty (60) days. As set forth above, courts regularly approve a Debtor's first request for extension in longer intervals. The requested extension is reasonable and necessary for the Debtor to formulate an effective chapter 11 plan.

19.    The foregoing factors weigh in favor of granting the requested extensions. The extensions requested herein will not prejudice the legitimate interests of any creditor or other party in interest, but will preserve the status quo while the Debtor continues to negotiate with major creditors in an effort to avoid protracted and costly litigation regarding confirmation of a plan. Accordingly, the Debtor submits that "cause" exists to extend the Exclusivity Period and Exclusive Solicitation Period**,** as requested.

## STATEMENT PURSUANT TO LOCAL RULE 9013-2

20.    Pursuant to Local Rule 9013-2, the Debtor states that, in lieu of submitting a memorandum in support of this Motion, it will rely solely upon the grounds and authorities set forth herein.

## NOTICE

21.    Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Maryland; (ii) counsel to the Committee; and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtor submits that, in light of the nature of the relief requested herein, no other or further notice need be given.

**WHEREFORE**, the Debtor respectfully requests that this Court (i) enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in this Motion, and (ii) grant such other and further relief as this Court may deem just and proper.

Dated:  July 31, 2023

**POLSINELLI PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (admitted *pro hac vice*)
Shanti M. Katona (admitted *pro hac vice*)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: 302-252-0920
Facsimile: 302-252-0921
cward@polsinelli.com
skatona@polsinelli.com

-and-

D. Jack Blum (Bar No. 07241)
Tony W. Torain, II (Bar No. 19010)
1401 Eye "I" Street, N.W.
Suite 800
Washington, DC 20005
Telephone: 202-772-8483
Facsimile: 202-315-2564
jack.blum@polsinelli.com
twtorain@polsinelli.com